UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DONALD ROSENDALE,

                Plaintiff,

-against-

ALYSON BENNETT,

                Defendant.

**ORDER OF SERVICE**

23-CV-10980 (PMH)

PHILIP M. HALPERN, United States District Judge:

    Donald Rosendale ("Plaintiff"), who is appearing *pro se*, brings this action under the court's diversity of citizenship jurisdiction, asserting state-law claims against Alyson Bennett ("Defendant"). By order dated December 20, 2023, Chief Judge Laura Taylor Swain granted Plaintiff's request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. (Doc. 5). The Court entered an Order of Service as to Defendant on December 28, 2023. (Doc. 7). Defendant was not served. Thereafter, the Court granted Plaintiff's request to extend the time to serve Defendant. (Doc. 11). On May 13, 2024, the U.S. Marshals Service attempted to serve Defendant but they were unable to effectuate service. (Doc. 12). The U.S. Marshals Service Process Receipt and Return form indicates that a new summons and order of service are required for further service attempts. (*Id.*).

## DISCUSSION

    Because Plaintiff has been granted permission to proceed IFP, he is entitled to rely on the Court and the U.S. Marshals Service to effect service.[1] *Walker v. Schult*, 717 F.3d. 119, 123 n.6

---

[1] Although Rule 4(m) of the Federal Rules of Civil Procedure generally requires that a summons be served within 90 days of the date the complaint is filed, Plaintiff is proceeding IFP and could not have served the summons and the complaint until the Court reviewed the complaint and

(2d Cir. 2013); *see also* 28 U.S.C. § 1915(d) ("The officers of the court shall issue and serve all process . . . in [IFP] cases."); Fed. R. Civ. P. 4(c)(3) (the court must order the Marshals Service to serve if the plaintiff is authorized to proceed IFP).

To allow Plaintiff to effect service on Defendant Alyson Bennett through the U.S. Marshals Service, the Clerk of Court is instructed to fill out a U.S. Marshals Service Process Receipt and Return form ("USM-285 form") for Defendant. The Clerk of Court is further instructed to issue a summons and deliver to the Marshals Service all the paperwork necessary for the Marshals Service to effect service upon Defendant.

If the complaint is not served within 90 days after the date the summons is issued, Plaintiff should request an extension of time for service. *See Meilleur v. Strong*, 682 F.3d 56, 63 (2d Cir. 2012) (holding that it is the plaintiff's responsibility to request an extension of time for service).

Plaintiff must notify the Court in writing if his address changes, and the Court may dismiss the action if Plaintiff fails to do so.

## CONCLUSION

The Clerk of Court is instructed to issue a summons for Defendant Alyson Bennett, complete the USM-285 form with the address for this Defendant, and deliver all documents necessary to effect service to the U.S. Marshals Service.

The Clerk of Court is further directed to mail an information package to Plaintiff.

---

ordered that the summons be issued. The Court therefore extends the time to serve until 90 days after the date the summons is issued.

**SO ORDERED.**

Dated:  May 31, 2024
       White Plains, New York

_____
PHILIP M. HALPERN
United States District Judge

## DEFENDANT AND SERVICE ADDRESS

Alyson Bennett

40 Minneluta Trail

Sharon, Connecticut 06069