Don Rosendale<br>
The Oaks Farm<br>
4848 Route 44<br>
Amenia, N.Y. 12501   845.373.9017

July 16, 2024

Hon. Philip Halpern, USDJ
U.S. District Court
300 Quarropas Street
While Plains, N.Y. 10601

Re: Rosendale v. Bennett 2023-cv-10980

Dear Judge Halpern:

    This action was filed on December 15, 2023 now more than six months ago. I am 88 years old, and because of my health am at the moment unable to work and was granted IFP status. Presumable the defendant is aware of this action, because it was published on Google in December, and I then received telephone calls from her neighbors inquiring about it

    The action concerns the theft of more than $85,000 worth of timber from a wood adjourning my home. The summons and complaint were given by you to the U.S. Marshall who first attempted service on May 28, 2024 and returned it "unexecuted" because she did not "come to the door" and the time for service had expired. You extended the time for service and sent a new summons to the Marshall. No physical copy was sent to me and without a summons I cannot attempt service myself.

    I would expect that with full knowledge she is being served with a lawsuit, Ms. Bennett will not "come to the door" if approached again.

    I am not a lawyer, but my understanding is that the law of the state applies, and that in the service of civil process in Connecticut personal service is unnecessary, all the marshal had to do was leave a copy at her door.

    In order to get this action off center, I ask leave to file a default judgement on the reasonable assertion that in May, the marshal left behind a copy of the summons and complaint when he was there, or that you have the clerk issue a summons to me, with updated paperwork, so I can hire a process server myself,

or I be permitted service by publication,, or some other solution to this issue.

Respectfully,

*Donald P. Rosendale  s/s/*
Donald P. Rosendale, *pro se*